IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

---

BIRDELLA KENNEY
    Plaintiff,

vs.

MEDICAL UNIVERSITY OF SOUTH CAROLINA

    Defendant

: CIVIL ACTION
No.

**COMPLAINT AND JURY DEMAND**
**INTRODUCTION**

1. Plaintiff in the above captioned matter, claims a sum in excess of One Hundred Thousand Dollars ($100,000.00) in damages and upon her causes of action, avers as follows:

2. This action for monetary damages and other appropriate relief is brought by Plaintiff to redress violations by Defendant Medical University of South Carolina (hereinafter "MUSC"), of rights secured to Plaintiff by the laws of the United States of America.

3. This action arises under the Americans with Disabilities Act, (ADA), which prohibit disability discrimination, failure to accommodate students with disabilities by educational institutions and retaliation because a student engages in protected activities under this statute, and is brought by Plaintiff to redress arbitrary, malicious, reckless, improper, unlawful, willful, and deliberate disabilities discrimination and retaliation by MUSC.

**II.    JURISDICTION AND VENUE**

4. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, which provide for the original jurisdiction of Plaintiff's claims arising under the laws of the United States of America.

5. On or about August 24, 2022, Plaintiff filed a complaint of ADA discrimination and retaliation against MUSC with the Office of Civil Rights, U.S. Department of Education. Plaintiff's claims against Defendant have not been administratively resolved, and as such Plaintiff brings this civil

action against Defendant.

6. Plaintiff exhausted her administrative remedies before bringing this action.

7. The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. §1391 (c).

### III.    PARTIES

8. Plaintiff, Birdella Kenney is a citizen of the United States, who currently resides in Atlanta, GA.

9. Defendant, MUSC, is an educational institution with its offices located at 96 Jonath Lucas Street, Suite 601, MSC617, Charleston, SC 29425.

### IV.    BRIEF STATEMENT OF FACTS

10. I received my B.A. Chemistry in 1987 from the College of Charleston.

11. In 1993, I received my Master of Science in Chemistry. Between 1993 and 2007 I worked for Johnson & Johnson, Springhouse, Pennsylvania, as a Process Chemist. Thereafter I worked for Teva Pharmaceuticals.

12. Between 2008 and 2010 I was enrolled in and completed the Drexel University Master of Biomedical Science program.

13. In 2013, I matriculated in the Medical University of South Carolina ("MUSC"), Doctor of Medicine (MD) program.

14. In October 2018 I was diagnosed with mental impairments of ADHD, anxiety disorder, and mild depression.

15. My mental health care provider, Dr. Sari Goldman, Psy. D., LCSW, conducted a comprehensive psychological evaluation of my condition and recommended accommodations and modifications in my academic setting.

16. In or about October 2018, I told Dr. Myra Haney-Singleton, Dean of Student Affairs at MUSC that I was applying for ADA accommodations because of my disabilities.

17. In or about February 2019, I requested accommodations for my disabilities with the National Board of Medical Examiners ("NBME") in accordance with the recommendations of Dr. Goldman.

18. While waiting for NBME to respond to my accommodation request, MUSC informed me that I had to take the Step 1 USMLE by a certain date with or without my requested accommodation.

19. MUSC compelled me to take this test on May 30, 2019, without any accommodations for my disability.

20. The NBME required me to withdraw and resubmit my request for ADA accommodations to them in compliance with their rules that require students to withdraw requests in order to

21. Simultaneous processing of ADA accommodation requests while awaiting a test date is forbidden.
22. Without accommodations, once again I was unsuccessful on my second attempt.
23. On July 10, 2019, I submitted a second request for accommodation for my disabilities to NBME and informed Dr. Haney-Singleton at MUSC.
24. On January 15, 2020, the NBME granted my disabilities accommodations request and provided a specific test-taking protocol that I would and should be provided in accommodations for my disabilities under the ADA guidelines.
25. This NBME letter was provided to Dr. Haney-Singleton at MUSC, who in turn sent this letter to Dr. Walker and Ms. Sanders at MUSC, advising them that I was approved for ADA accommodations for my disabilities and that MUSC should act accordingly.
26. On April 7, 2021, I took the Step 1 test under the ADA accommodation protocol, and I received a passing score on May 12, 2021. I was promoted to Year 3 of Medical School and started an Internal Medicine clerkship on July 6, 2021.
27. I was not given instructions nor access to my patients for the first two weeks of the rotation by MUSC, resulting in the decision to not sit for the shelf exam at the end of the rotation.
28. **PLEASE NOTE**: Students are required to pass all 3 tests: Clinical Performance Exam (CPE), SHELF exam, and OSCE to pass a clerkship. Failure on any one of the 3 results in failure of the clerkship.
29. MUSC thereafter continued to withhold full accommodations for my disabilities on accommodations for taking standardized tests, in direct violation of the ADA and in accordance with the NMBE test-taking protocols, resulting in a failure on November 5, 2021, on the Psychiatry clerkship shelf exam.
30. On November 12, 2021, MUSC placed me on academic probation for failure to successfully pass Internal Medicine, even though I had not been provided access to patient records and had never sat for the shelf exam.
31. I continued my education with the Surgery clerkship.
32. Unfortunately, the day before taking the Psychiatry clerkship exam second attempt, I was informed that I was in danger of failing the OB/GYN CPE portion of my grade.
33. My anxiety and MUSC's failure to provide me with the accommodations for my disabilities resulted in failing the retake by 3 points.

34. In May 2022, I passed both the OB/GYN clerkship exam and OSCE; however, I received a failing grade because of several written comments questioning my ability to work in a team setting due to my anxiety.

35. No negative comments of the kind were made on any other clerkship and were essentially an outlier of my performance. I was dismissed from MUSC.

36. On June 8, 2022, I appealed MUSC's decision and complained that the respective failures of these clerkship examinations were all due to MUSC's violation of my ADA rights in not providing me with my disabilities test-taking accommodations and that the decision should be rescinded.

37. On June 27, 2022, I appealed MUSC's Student Progress Appeals Committee's Decision of Dismissal and submitted documents showing the University's awareness of my disabilities, the ADA accommodations I was approved for, and the fact that despite several complaints MUSC persistently failed to grant me these test-taking ADA protocols for my disabilities.

38. On **August 8, 2022,** MUSC denied my appeals and effectively dismissed me from the College of Medicine in spite of the fact that I now have passed 4 of the 7 required clerkships.

39. The College of Medicine withdrew me from my Internal Medicine clerkship preventing me from taking the OSCE and the final shelf exam even though the comments from my attendings and residents validated my success and potential as an "outstanding" upcoming physician.

40. I assert that my rights under the Americans with Disabilities Act were violated by MUSC; I was repeatedly denied reasonable accommodations for my disabilities and subjected to retaliatory dismissal from the College of Medicine on August 8, 2022, because I engaged in protected activities under the statute.

41. Please note that MUSC also violated its own protocol because dismissal was to be decided by the Dean and I was to meet with him; however, my meeting was conducted by the Senior Associate Dean for Education, not the interim Dean.

V. STATEMENT OF CLAIMS
COUNT ONE – ADA VIOLATION – Disability Discrimination

42. Plaintiff incorporates by reference all allegations in paragraphs 1 through 41 above as if the same were fully set forth at length herein.

43. The acts and conduct of the Defendant MUSC, through its officials and agents as stated above where Defendant discriminated against Plaintiff because of her disabilities and failed to accommodate Plaintiff's disabilities by denying her test-taking ADA protocols for her disabilities, and dismissed her from the School of Medicine, were violations of Plaintiff's rights under the Americans with Disabilities Act.

44. As a direct result of the said discriminatory practices of the Defendant, Plaintiff sustained loss of her paid tuitions, loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, and other economic losses, as well as mental anguish, emotional distress, humiliation, and damages to reputation.

## COUNT TWO – ADA VIOLATION – Retaliation

45. Plaintiff incorporates by reference all allegations in paragraphs 1 through 44 above as if the same were fully set forth at length herein.

46. The acts and conduct of the Defendant MUSC, through its officials and agents as stated above where Defendant retaliated against Plaintiff by denying her test-taking ADA protocols for her disabilities, and dismissed her from the School of Medicine, were violations of Plaintiff's rights under the Americans with Disabilities Act.

47. As a direct result of the said discriminatory practices of the Defendant, Plaintiff sustained loss of her paid tuitions, loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, and other economic losses, as well as mental anguish, emotional distress, humiliation, and damages to reputation.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully demands judgment against Defendant, and requests that this Honorable Court:

A. Enter judgment against the Defendant for back pay, front pay, loss income, loss benefits, compensatory damages, costs of suit, attorneys' fees and expert witness fees as permitted by law; and

B. Award such other relief as the Court may deem necessary and just, including but not limited to an order to make whole.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact raised by this complaint.

*[signature: Birdella Kenney]*
_____
BIRDELLA KENNEY

Dated: May 23, 2024                                             *Pro se*

2