IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Bridella Kenney, | ) | Case No. 2:24-cv-3178-DCN-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Medical University of South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff filed the instant action, alleging disability discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA") and the Rehabilitation Act of 1973 ("Rehabilitation Act"). (Dkt. Nos. 1, 22.) Currently before the Court is Defendant's Motion to Dismiss (Dkt. No. 24). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge. For the reasons stated herein, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss (Dkt. No. 24) should be **DENIED**.

**FACTUAL SUMMARY**

This case arises from Plaintiff's schooling with Defendant. (Dkt. Nos. 1, 22.) According to the Amended Complaint, Plaintiff matriculated into Defendant's Doctor of Medicine program in 2013. (Dkt. No. 22 at 3.) In October of 2018, Plaintiff was diagnosed with attention deficit hyperactivity disorder ("ADHD"), anxiety disorder, and mild depression. (*Id*.) Following a psychological evaluation of Plaintiff's conditions, Plaintiff's mental health care provider recommended accommodations and modifications in her academic setting. (*Id*.)

1

Plaintiff alleges that she informed Defendant's Dean of Student Affairs, Dr. Myra Haney-Singleton, that she was applying for ADA accommodations because of her mental health conditions. (*Id.*) Plaintiff further alleges that she requested accommodations from the National Board of Medical Examiners ("NBME") in or about February 2019. (*Id.*)

According to Plaintiff, Defendant informed her that she would be required to take the Step 1 United States Medical Licensing Examination ("USMLE") by May 30, 2019. (*Id.*) Plaintiff claims that the NBME had not responded to her accommodation request by that date, so she was required to withdraw her request for accommodation pursuant to the NBME's rules requiring students to withdraw such requests in order to sit for an exam. (*Id.*) Plaintiff claims she was required to take her Step 1 USMLE without accommodations. (*Id.*)

On July 10, 2019, Plaintiff submitted a second request for accommodation to the NBME. (*Id.* at 4.) Plaintiff claims that she informed Dr. Haney-Singleton about this request. (*Id.*)

Plaintiff's request was granted by the NBME on January 15, 2020. (*Id.*) According to Plaintiff, the NBME provided a specific test-taking protocol that Defendant was required to implement for Plaintiff to accommodate her disabilities. (*Id.*) Plaintiff alleges that the NBME sent a letter to Dr. Haney-Singleton advising her that Plaintiff was approved for accommodations and that Defendant should act accordingly. (*Id.*) Plaintiff claims that Dr. Haney-Singleton forwarded this letter to "Dr. Walker and Ms. Sanders at MUSC." (*Id.*)

Plaintiff further claims that she took the Step 1 USMLE on April 7, 2021 under the NBME's specified test-taking protocol and received a passing score. (*Id.*) As such, she was promoted to Year 3 of Defendant's medical school program and began an Internal Medicine clerkship on July 6, 2021. (*Id.*) Plaintiff alleges that she "was not given instructions nor access to her patients for the first two weeks of the rotation by MUSC, resulting in the decision to not sit for

the shelf exam at the end of the rotation." (*Id*.) Plaintiff notes that Defendant required students to take three tests before passing a clerkship, including the "shelf exam" that she declined to take at the end of her Internal Medicine rotation. (*Id*.) As such, Plaintiff seems to allege that she did not pass her Internal Medicine clerkship because she did not sit for the "shelf exam." (*Id*.)

According to the Amended Complaint, Defendant "thereafter continued to withhold full accommodations for Plaintiff's disabilities . . . for taking standardized tests, in direct violation of the ADA and . . . the NMBE test-taking protocols." (*Id*. at 5.) Plaintiff alleges that Defendant's failure to provide these accommodations resulted in Plaintiff failing the "shelf exam" for her Psychiatry clerkship on November 5, 2021. (*Id*.)

Plaintiff further alleges that "the day before taking the Psychiatry clerkship exam second attempt, Plaintiff was informed that she was in danger of failing the OB/GRN CPE portion of her grade." (*Id*.) According to Plaintiff, her anxiety and Defendant's failure to provide her with appropriate accommodations for her examination resulted in her failing the retake by "3 points." (*Id*.)

Plaintiff claims that Defendant placed her on academic probation on November 12, 2021 based on her failure to successfully pass her Internal Medicine clerkship. (*Id*.) Nonetheless, Plaintiff proceeded with her Surgery clerkship. (*Id*.)

Plaintiff alleges that in May 2022, she passed her OB/GYN clerkship exams but "received a failing grade because of several written comments questioning Plaintiff's ability to work in a team setting due to her anxiety." (*Id*.) On or about May 10, 2022, Defendant's Progress Committee recommended that Plaintiff be dismissed from the medical school program. (*Id*.) Plaintiff appealed this recommendation to Defendant's Student Progress Appeals Committee and "complained that the respective failures . . . were all due to [Defendant's] violation of her ADA rights [and failure

3

to provide] her with the NBME['s] approved [] test-taking accommodations . . . ." (*Id*. at 5–6.) On or about June 20, 2022, Defendant's Student Progress Appeals Committee denied Plaintiff's appeal and failed to reinstate her admission to the medical school program. (*Id*. at 6.) On June 27, 2022, Plaintiff appealed this decision to Dr. Terrence Steyer, the Interim Dean of Defendant's College of Medicine, in accordance with Defendant's appeal procedures. (*Id*.) Plaintiff claims that she submitted documents showing Defendant's knowledge of her disabilities, the accommodations for which Plaintiff was approved, and Defendant's failure to provide the required accommodations despite repeated complaints. (*Id*.) On August 8, 2022, Plaintiff's appeal was denied, and she was effectively dismissed from Defendant's College of Medicine. (*Id*.)

In light of the foregoing, Plaintiff asserts that Defendant violated her rights under the ADA and Rehabilitation Act, and that she was subjected to retaliatory failures and dismissal from Defendant's College of Medicine after she engaged in protected activities under those statutes. (*Id*.) Accordingly, Plaintiff brings the following causes of action: (1) disability discrimination in violation of the ADA; (2) retaliation in violation of the ADA; (3) disability discrimination in violation of the Rehabilitation Act; and (4) retaliation in violation of the Rehabilitation Act. (*Id*. at 7–14.) Plaintiff requests, *inter alia*, back pay, front pay, compensatory damages, and attorneys' fees and costs. (*Id*. at 14.)

## **PROCEDURAL HISTORY**

Plaintiff filed the instant civil action on May 23, 2024. (Dkt. No. 1.)[1] On October 18, 2024, Defendant filed the instant Motion to Dismiss, seeking to dismiss Plaintiff's claims in full. (Dkt. No. 24.) Plaintiff responded in opposition on October 31, 2024. (Dkt. No. 25.) Defendant replied

---

[1] Plaintiff initially filed this lawsuit proceeding *pro se* and subsequently retained counsel. (Dkt. Nos. 1, 13.)

to Plaintiff's response on November 5, 2024. (Dkt. No. 26.) As such, the motion before the Court has been fully briefed and is ripe for disposition.

## LEGAL STANDARD

According to its motion, Defendant seeks dismissal pursuant to Rules 12(b)(1), (2), (4), (5), and (6) of the Federal Rules of Civil Procedure. (*See generally* Dkt. No. 24.) A motion to dismiss pursuant to Rule 12(b)(1) asks whether a court has the ability to hear and adjudicate the claims brought before it. Federal courts are courts of limited jurisdiction and can act only in those specific instances authorized by Congress. *See Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The plaintiff bears the burden of proving the existence of subject matter jurisdiction. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

Federal Rule of Civil Procedure 12(b)(2) permits dismissal of an action for lack of personal jurisdiction. "When a nonresident defendant challenges personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff has the ultimate burden of proving facts supporting jurisdiction over the defendant by a preponderance of the evidence. *See Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016). "When personal jurisdiction is addressed under Rule 12(b)(2) without an evidentiary hearing, the party asserting jurisdiction has the burden of establishing a *prima facie* case of jurisdiction." *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 226 (4th Cir. 2019). "This *prima facie* case analysis resembles the plausibility inquiry governing motions to dismiss for failure to state a claim under Rule 12(b)(6)." *Id*. (internal quotation marks omitted).

Federal Rule of Civil Procedure 12(b)(4) allows dismissal for insufficient process, and Federal Rule of Civil Procedure 12(b)(5) allows dismissal when service of process failed to comply with the requirements of Federal Rule of Civil Procedure 4. Dismissal for insufficiency of service

of process under Rule 12(b)(5) is within the discretion of the court. *See Causey v. Paitsel*, No. 4:13-cv-0970-RBH-TER, 2014 WL 1400789, at *3 (D.S.C. Apr. 10, 2014) (citing *Reinhold v. Tisdale*, No. 8:06-cv-3311-MBS-BHH, 2007 WL 2156661, at *3 (D.S.C. April 30, 2007)), *adopted*, 2007 WL 2173368 (D.S.C. July 26, 2007). Further, the "provisions of [Rule 4] should be liberally construed to effectuate service and uphold the jurisdiction of the court, thus insuring the opportunity for a trial on the merits." *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963). Noncompliance with Rule 4 does not require dismissal where the necessary parties have received actual notice of the suit and are not prejudiced by the technical defects in service. *Id.* at 668–69.

On a motion to dismiss pursuant to Rule 12(b)(6), a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In considering a motion to dismiss, [the court] accept[s] the complainant's well-pleaded allegations as true and view[s] the complaint in the light most favorable to the non-moving party." *Stansbury v. McDonald's Corp.*, 36 F. App'x 98, 98−99 (4th Cir. 2002) (citing *Mylan Labs., Inc. v. Matkari*, 7

F.3d 1130, 1134 (4th Cir. 1993)). However, while a court must draw all reasonable inferences in favor of the plaintiff, it need not accept "legal conclusions drawn from the facts, . . . unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Giarratano*, 521 F.3d at 298).

## DISCUSSION

Defendant contends that Plaintiff's claims should be dismissed in full because: (1) Plaintiff failed to file this civil action within the applicable statute of limitations, and (2) the Amended Complaint does not set forth any claims upon which relief may be granted. (*See generally* Dkt. No. 24.) In response, Plaintiff asserts that Defendant's motion "relies on extraneous factual allegations," which the Court cannot consider without converting the motion into a motion for summary judgment. (Dkt. No. 25 at 6.) Plaintiff further asserts that converting Defendant's motion to a summary judgment motion is premature and inappropriate because Plaintiff has not had the opportunity to conduct discovery and present evidence to support her claims. (*Id*. at 7.) For the reasons set forth in greater detail below, the undersigned agrees with Plaintiff and therefore **RECOMMENDS** that Defendant's Motion to Dismiss (Dkt. No. 24) should be **DENIED**.

At the outset, the undersigned notes that although Defendant's motion references Federal Rules of Civil Procedure 12(b)(1), (2), (4) and (5), Defendant makes no arguments specific to jurisdiction or service of process. (*See generally* Dkt. No. 24.) The undersigned therefore **RECOMMENDS** that dismissal pursuant to Rules 12(b)(1), (2), (4) and/or (5) is not warranted here, and Defendant's motion should be **DENIED** to the extent it is based on Rules 12(b)(1), (2), (4) and/or (5). The undersigned considers Defendant's arguments for dismissal under Rule 12(b)(6), below.

I. **Statute of Limitations**

Motions to dismiss pursuant to Rule 12(b)(6) generally cannot reach the merits of an affirmative defense unless the case presents the "relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Here, the facts necessary to evaluate Defendant's statute of limitations defense do not "clearly appear[] on the face of the complaint." *See Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993) (finding affirmative defenses "inappropriate" to address in a motion to dismiss posture as "these defenses are more properly reserved for consideration on a motion for summary judgment"); *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (noting that the court does not "resolve contests surrounding facts, the merits of a claim, or the applicability of defenses" when considering a motion to dismiss (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)). Accordingly, Defendant's request to dismiss this action based on Plaintiff's failure to comply with the applicable statute of limitations should be **DENIED**.

The parties agree that the federal statutes pursuant to which Plaintiff brings her claims—the ADA and the Rehabilitation Act—do not contain their own statutes of limitations and are therefore subject to the statute of limitations for the most analogous state law claims. (*See* Dkt. Nos. 24, 25, 26); *see also McCollough v. Branch Banking & Trust, Co.*, 35 F.3d 127, 129 (4th Cir. 1994); *Semenova v. Md. Transit Admin.*, 845 F.3d 564 (4th Cir. 2017). Case law within this District makes clear that South Carolina's three-year general statute of limitations for personal injury is most analogous to ADA and Rehabilitation Act claims arising outside of the employment context. *See Summerell v. Clemson Univ.*, No. 8:22-cv-00913-TMC-JDA, 2023 WL 7224206, at *2 (D.S.C. Feb. 10, 2023) (noting that courts in this district have applied South Carolina's three-year statute

of limitations to Rehabilitation Act claims arising outside of employment context since the Fourth Circuit's decision in *Semenova*), *adopted*, 2023 WL 6457781 (D.S.C. Oct. 4, 2023); *Estate of Valentine by & through Grate v. South Carolina*, No. 3:18-895-JFA, 2019 WL 8324709, at *10–14 (D.S.C. Aug. 6, 2019) (applying South Carolina's general three-year statute of limitations to the plaintiffs' ADA and Rehabilitation Act claims arising from participation in services, programs, or activities of a public entity at a state-run group home); *Gresham v. Arclabs, LLC*, No. 9:19-cv-1237-RMG, 2019 WL 3020931, at *2–4 (D.S.C. July 10, 2019) (applying South Carolina's three-year statute of limitations to the plaintiff's ADA and Rehabilitation Act claims arising from disability discrimination in education by facilities receiving public funding).

Defendant asserts that South Carolina's personal injury statute of limitations applies to Plaintiff's claims but contends that Plaintiff's claims are nonetheless subject to a two-year statute of limitations. (Dkt. No. 24 at 4.) Defendant explains that "the South Carolina Tort Claims Act [("SCTCA")] is the sole remedy for actions for personal injury against the State and its governmental entities," such as Defendant. (*Id*.) Defendant further explains that the statute of limitations under the SCTCA, "is 2 years unless you filed a verified claim." (*Id*.) Thus, Defendant asserts that Plaintiff's claims are subject to a two-year statute of limitations because she did not file a verified claim in accordance with S.C. Code Ann. § 15-78-80. (*Id*. at 4–6); *see also* S.C. Code Ann. §§ 15-78-80, 15-78-110. More specifically, Defendant contends that: "Plaintiff's Amended Complaint refers to a complaint Plaintiff submitted to the Office of Civil Rights (OCR) as a verified claim. This is not a verified claim [because] Plaintiff's OCR complaint is not notarized . . . [and] the OCR complaint was not filed with MUSC as required by statute . . . ." (Dkt. No. 24 at 6.) Defendant asserts that Plaintiff's claims are therefore barred because "the last exam Plaintiff

9

alleges she took and failed was the second attempt at the Psychiatry SHELF exam on April 4, 2022," yet she did not file suit until May 23, 2024—more than two years later. (*Id*. at 7.)

However, a copy of the aforementioned "OCR complaint" was not attached to Plaintiff's initial Complaint, nor her Amended Complaint. (*See generally* Dkt. Nos. 1, 22.) Further, Defendant has not provided the Court with evidence supporting its contention that Plaintiff's "OCR complaint" was not verified, such that the "OCR complaint" did not comply with the requirements of S.C. Code Ann. § 15-78-80. (*See generally* Dkt. Nos. 24, 26.) What is more, Defendant bases its statute of limitations argument on its own version of events, which Plaintiff disputes. (Dkt. No. 24 at 7; Dkt. No. 25 at 9–11.)

Based on the foregoing, the face of the Amended Complaint "does not contain all facts necessary to determine the statute of limitations issue." *Sprague v. Champion Window & Patio Room Co.*, No. 8:14-cv-3273, 2014 WL 12613269, at *2 (D.S.C. Sept. 29, 2014) (denying motion to dismiss based on statute of limitations where facts necessary to determine that issue were not apparent on the fact of the complaint). Defendant's Motion to Dismiss (Dkt. No. 24) should therefore be **DENIED** to the extent Defendant seeks dismissal based on Plaintiff's failure to comply with the applicable statute of limitations. Defendant may, if necessary, raise this issue again after the discovery period has ended.

## II. Plausible Claims

Defendant's assertion that the Amended Complaint fails to state a claim upon which relief may be granted lacks merit, as well. Plaintiff brings claims against Defendant under Title II of the ADA and Section 504 of the Rehabilitation Act. (*See generally* Dkt. No. 22.) "Claims under the ADA's Title II and [Section 504] can be combined for analytical purposes because the analysis is 'substantially the same.'" *Seremeth v. Bd. of Cnty. Comm'rs Frederick Cnty.*, 673 F.3d 333, 336

n.1 (4th Cir. 2012) (quoting *Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1265 n.9 (4th Cir. 1995)); *Halpern v. Wake Forest Univ. Health Sciences*, 669 F.3d 454, 461 (4th Cir. 2012) ("To the extent possible, [the court will] construe [Title II] and [Section 504] to impose similar requirements.").

To survive Defendant's motion to dismiss with respect to her discrimination claims, Plaintiff must allege facts raising a reasonable inference that: (1) she has a disability; (2) she is "otherwise qualified to receive the benefits of a public service, program, or activity;" and (3) she was "denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of [the] disability." *Nat'l Fed. of the Blind v. Lamone*, 813 F.3d 494, 502-03 (4th Cir. 2016). As for her retaliation claims, Plaintiff must allege facts from which the Court may reasonably infer that: (1) she engaged in protected conduct; (2) she suffered an adverse action; and (3) a causal link exists between the protected conduct and the adverse action. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 350 (4th Cir. 2011).

Upon review, the undersigned finds that Plaintiff has sufficiently pled each of her claims. Indeed, Plaintiff alleges that she has disabling anxiety, depression, and ADHD. (Dkt. No. 22 at 3.) She further alleges facts from which the Court could infer that she is otherwise qualified to participate in Defendant's medical school program (*i.e.*, she matriculated in 2013 and she passed several of her exams). (*Id*. at 3–6.) She also alleges that she was denied the benefits of Defendant's medical school program because of her disabilities in that Defendant failed to provide her with her requested accommodations, gave her failing grades, and then dismissed her from the program. (*Id*.) As for her retaliation claims, the Amended Complaint plausibly alleges that Plaintiff engaged in protected conduct by requesting accommodations for her disability, then suffered adverse actions when Defendant failed her, placed her on academic probation, and ultimately dismissed her from

the medical school program. (*Id.*) The Amended Complaint also plausibly alleges facts that alone, or in addition to temporal proximity, could give rise to an inference of causation. (*Id.*); *see also Johnson v. United Parcel Serv.*, Inc., 839 F. App'x 781, 784 (4th Cir. 2021).

At this early stage of the proceedings, Plaintiff is not required to plead a *prima facie* case of discrimination and/or retaliation; rather, she must allege facts sufficient to state all elements of her claims. *See Twombly*, 550 U.S. at 570. When construing Plaintiff's allegations in the light most favorable to her—as the Court must at this early stage—Plaintiff has so alleged. Though Defendant sets forth alternate facts which may, if proven true, dispel Plaintiff's claims, the Court cannot make factual determinations or rule on the merits of Plaintiff's claims at this stage of the proceedings. *Ray*, 948 F.3d at 226. The undersigned therefore **RECOMMENDS** that Defendant's Motion to Dismiss (Dkt. No. 24) should be **DENIED**.

## CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss (Dkt. No. 24) should be **DENIED**.

**IT IS SO RECOMMENDED**.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

February 24, 2025
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).