UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Birdella Kenney, | ) | Case No.: 2:24-cv-03178-DCN-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Medical University of South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## JOINT RULE 2603 REPORT AND DISCOVERY PLAN

In accordance with the Scheduling Order entered on February 25, 2025, ECF No. 28, counsel for the Plaintiff and Defendant conducted the Rule 26(f) Conference. Pursuant to Rule 26(f), Fed. R. Civ. P., and Local Civ. Rule 26.03 (D.S.C.), the parties, through counsel, together submit this Joint 26(f) Report along with responses required by Rule 26.03. The proposed discovery plan required by Rule 26(f) and the information required by Rule 26.03 are as follows:

(1) A short statement of the facts of the case:

The Plaintiff alleges that MUSC denied her test taking disability accommodations and retaliated against her due requesting written test taking disability accommodations. The Plaintiff alleged violations of Title II of the Americans with Disabilities Act, (ADA), and Section 504 of the Rehabilitation Action, 29 U.S.C. §701, et seq.

(2) Fact witnesses likely to be called by the parties and a brief summary of their testimony:

Plaintiff incorporates by reference, as if set forth at length herein, any witnesses identified by any other party in response to Local Rule 26.03.

1

1.      Plaintiff, Birdella Kenney, is expected to testify regarding her allegations against Defendant in the Amended Complaint and her damages.

2.   Dr. Myra Haney-Singleton, MUSC Dean of Student Affairs, is expected to testify regarding information relating to her knowledge of Plaintiff's disabilities, her requests for accommodation for her disabilities, Plaintiff's complaints of Defendant's failures to provide the approved accommodations to her for her disabilities, and retaliatory actions taken against Plaintiff for engaging in the protected activities.

3.   Dr. Haney-Singleton is expected to testify regarding information relating to her knowledge of Plaintiff's disabilities, her requests for accommodation for her disabilities, Plaintiff's complaints of Defendant's failures to provide the approved accommodations to her for her disabilities, and retaliatory actions taken against Plaintiff for engaging in the protected activities.

4.      Dr. Aljoeson Walker is expected to testify regarding information relating to her knowledge of Plaintiff's disabilities, her requests for accommodation for her disabilities, Plaintiff's complaints of Defendant's failures to provide the approved accommodations to her for her disabilities, and retaliatory actions taken against Plaintiff for engaging in the protected activities.

5.   Ms. Alexandrea Sanders is expected to testify regarding information relating to her knowledge of Plaintiff's disabilities, her requests for accommodation of her disabilities, Plaintiff's complaints of Defendant's failures to provide the approved accommodations to her for her disabilities, and retaliatory actions taken against Plaintiff for engaging in the protected activities.

6.   Dr. Brittany Austin is expected to testify regarding information relating to her knowledge of Plaintiff's disabilities, her requests for accommodation for her disabilities, Plaintiff's complaints

of Defendant's failures to provide the approved accommodations to her for her disabilities, and retaliatory actions taken against Plaintiff for engaging in the protected activities.

7. Dr. Terrence Steyer, Interim Dean, is expected to testify regarding information relating to his knowledge of Plaintiff's disabilities, her requests for accommodation for her disabilities, Plaintiff's complaints of Defendant's failures to provide the approved accommodations to her for her disabilities, and retaliatory actions taken against Plaintiff for engaging in the protected activities.

8. Stephanie T. Price, MUSC Director EEO/AA/ and University Accessibility Services is expected to testify regarding information relating to his knowledge of Plaintiff's disabilities, her requests for accommodation for her disabilities, Plaintiff's complaints of Defendant's failures to provide the approved accommodations to her for her disabilities, and retaliatory actions taken against Plaintiff for engaging in the protected activities.

9. Dr. Sari Goldman, Psy. D., LCSW is expected to testify about information relating to Plaintiff's disabilities.

10. Plaintiff's Mental Health Providers

- University of Pennsylvania
  Center for the Treatment and Study of Anxiety
  Dr. Jayawickreme

  Dates Treated: 2012

- Charleston Mental Health
  2100 Charlie Hall Boulevard
  Charleston  SC  29414
  May 2014-Jan 2017

- Dr. Taitt
  4151 Hunters Park Ln
  Orlando Fl  32837
  office@taittmd.com
  Sept 2017-July 2018
  ADHD Adderall Tx

Center for the Treatment and Study of Anxiety
University of Pennsylvania
3535 Market Street, Suite 600
Philadelphia, PA 19104
215 746-3327

- MUSC Student Health Center
  30 Bee Street
  Floor: 1st Floor
  Suite: 102
  MSC Code: 980
  Charleston, SC 29425

  2017- uncertain of the end date
  Note: MUSC did not treat ADHD.

- Imran Posner
  110 Bala Avenue
  3rd Floor Suite Bala Cynwyd  PA  19004

  September 2020-Present.

> Medical University of South Carolina
>
> Defendant incorporates by reference, as if set forth at length herein, any witnesses identified by any other party in response to Local Rule 26.03.
>
> Plaintiff Birdella Kenney: It is believed that this witness has knowledge of the facts and circumstances alleged in Plaintiff's Amended Complaint.
>
> Dr. Sari Goldman, Psy. D., LCSW -  Plaintiff's mental health care provider.  It is believed that this witness will testify as to her knowledge of the facts and circumstances alleged in Plaintiff's Amended Complaint
>
> Dr. Terrance Steyer, Interim Dean of the College of Medicine. It is believed that this witness will testify as to her knowledge of the facts and circumstances alleged in Plaintiff's Amended Complaint
>
> Associate Dean of the College of Medicine at Medical University of South Carolina.  It is believed that this witness will testify as to her knowledge of the facts and circumstances alleged in Plaintiff's Amended Complaint
>
> Dr. Myra Haney-Singleton, Dean of Student Affairs at MUSC.  It is believed that this witness will testify as to her knowledge of the facts and circumstances alleged in Plaintiff's Amended Complaint

Dr. Walker, MUSC. It is believed that this witness will testify as to her knowledge of the facts and circumstances alleged in Plaintiff's Amended Complaint

Ms. Sanders, MUSC. It is believed that this witness will testify as to her knowledge of the facts and circumstances alleged in Plaintiff's Amended Complaint

Plaintiff's professors and evaluators for clinicals:
  Internal Medicine
  OBGYN
  Psychiatry

Members of the Student Progress Committee (SPC)

Members of the Student Progress Appeals Committee (SPAC)

Defendant will supplement its list of additional witnesses upon the receipt of additional information during discovery.

(3) The names and subject matter of expert

witnesses:

Plaintiff has not retained an expert witness but expects her treating physicians and mental health providers listed above to testify at trial. Should Plaintiff retain an expert at a later date Plaintiff will supplement her disclosures accordingly.

Defendant:

Medical University of South Carolina has not yet determined whether it will retain an expert witness in this matter. It will identify any expert witnesses in accordance with the governing Conference and Scheduling Order, as may be modified or amended.

(4) Summary of Claims and Defenses with statutory and/or case law citations supporting same:

**Plaintiff's Claims:**

5

Plaintiff asserts claims against Defendant because of Defendant's failure to accommodate her disability in denying her approved testing accommodations and retaliatory actions because she engaged in protected activities under the ADA and Rehabilitation Act. In 2013, Plaintiff matriculated in the Medical University of South Carolina ("MUSC"), Doctor of Medicine (MD) program. In October 2018 Plaintiff was diagnosed with mental impairments of ADHD, anxiety disorder, and mild depression. Plaintiff's mental health care provider, Dr. Sari Goldman, Psy. D., LCSW, conducted a comprehensive psychological evaluation of Plaintiff's condition and recommended accommodations and modifications in her academic setting. In or about October 2018, Plaintiff told Dr. Myra Haney-Singleton, Dean of Student Affairs at MUSC that Plaintiff was applying for ADA accommodations because of her disabilities. In or about February 2019, Plaintiff requested accommodations for her disabilities with the National Board of Medical Examiners ("NBME") in accordance with the recommendations of Dr. Goldman. While waiting for NBME to respond to her accommodation request, MUSC informed Plaintiff that she had to take the Step 1 USMLE by a certain date with or without her requested accommodation. MUSC compelled Plaintiff to take this test on May 30, 2019, without any accommodations for her disability. The NBME required Plaintiff to withdraw and resubmit her request for ADA accommodations to them in compliance with their rules that require students to withdraw requests in order to sit for an exam.

On January 15, 2020, the NBME granted Plaintiff's disabilities accommodations request and provided a specific test-taking protocol that Plaintiff would and should be provided by MUSC as accommodations for Plaintiff's disabilities under the ADA

guidelines when taking tests and or examinations. This NBME letter was provided to Dr. Haney-Singleton at MUSC, who in turn sent this letter to Dr. Walker and Ms. Sanders at MUSC, advising them that Plaintiff was approved for ADA accommodations for her disabilities and that MUSC should act accordingly. On April 7, 2021, Plaintiff took the Step 1 test under the ADA accommodation protocol and received a passing score on May 12, 2021. Plaintiff was promoted to Year 3 of Medical School and started an Internal Medicine clerkship on July 6, 2021. Thereafter, MUSC failed to provide Plaintiff with full testing accommodations during examinations. On November 12, 2021, MUSC placed Plaintiff on academic probation for failure to successfully pass Internal Medicine, even though Plaintiff was not provided access to patient records and had never sat for the shelf exam. Plaintiff's anxiety and MUSC's failure to provide Plaintiff with the testing accommodations for her disabilities resulted in Plaintiff failing the retake by 3 points.

In May 2022, Plaintiff passed both the OB/GYN clerkship exam and OSCE; however, she received a failing grade because of several written comments questioning Plaintiff's ability to work in a team setting due to her anxiety. No negative comments of the kind were made on any other clerkship and were essentially an outlier of her performance. On or about May 10, 2022, Defendant's Progress Committee recommended the dismissal of Plaintiff from the Medical School. On **June 8, 2022**, Plaintiff appealed MUSC's Progress Committee's decision to MUSC's Student Progress Appeals Committee and complained that the respective failures of these clerkship examinations were all due to MUSC's violation of her ADA rights in not providing her

with the NBME approved disabilities test-taking accommodations and that the Progress Committee's decision should be rescinded, and she be reinstated to the Medical School.

On or about June 20, 2022, MUSC's Student Progress Appeal's Committee denied Plaintiff's appeal and failed to reinstate her admission to the medical school. On June 27, 2022, in accordance with MUSC's appeal procedure before a final decision was made by MUSC, Plaintiff appealed to Dr. Terrence Steyer, Interim Dean, of the College of Medicine, the MUSC's Student Progress Appeals Committee's Decision of Dismissal and submitted documents showing the University's awareness of her disabilities, the ADA accommodations Plaintiff was approved for, and the fact that despite several complaints to Defendant, MUSC persistently failed to grant Plaintiff the accommodations provided under the ADA test-taking protocols for her disabilities, and requested that her admission be reinstated. On August 8, 2022, MUSC denied Plaintiff's appeals and effectively dismissed her from the College of Medicine, in spite of the fact that Plaintiff now had passed 4 of the 7 required clerkships, and Defendant failed to comply with its stated procedure for making such decision because Dr. Steyer was not the person who made the final determination. On August 8, 2022, the College of Medicine effectively withdrew Plaintiff from her Internal Medicine clerkship preventing Plaintiff from taking the OSCE and the final shelf exam even though the comments from her attendings and residents validated Plaintiff's success and potential as an "outstanding" upcoming physician.

<u>Medical University of South Carolina:</u>

- 12(b)(6) FRCP
- Sovereign Immunity – Tort Claims Act
- Comparative/Contributory Negligence
- Sole, Superseding, Intervening Negligence of Plaintiff

- Limitation of Remedies
- Punitive Damages
- Punitive Damages – Unconstitutional
- Sovereign Immunity
- Statute of Limitations
- Common law defenses, including but not limited to, the doctrine of unclean hands, the doctrine of laches, and the doctrine of estoppel.
- All available defenses under the Federal Rules of Civil Procedure, statute, regulation, or common law. See Fed. R. Civ. P. 8, 12.
- Defendant reserves the right to assert any legal and factual defenses that may be appropriate.

(5) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures:

    Plaintiff:     June 23, 2025.

    Defendants:    August 23, 2025.

(6) Special Circumstances affecting time frames and schedules: None of which the parties are aware at this time.

## DISCOVERY PLAN

(A) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.

> None. Rule 26(a)(1) disclosures will be made by April 1, 2025.

(B) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on other issues.

> At this time, the parties are not aware of any unusual discovery issues.

(C) Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

> At this time, the parties are not aware of any issues regarding disclosure or discovery of electronically stored information.

(D) Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include their agreement in an order.

> At this time, the parties are not aware of any issues regarding claims of privilege or of protection as trial-preparation materials.

(E) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

> None.

(F) Any other orders that should be entered by the Court under Rule 26(c) or under Rule 16(b) and (c).

None known at this time.

Dated: March 27, 2025

*/s/Olugbenga Abiona*

_____
Olugbenga Abiona
ABIONA LAW, PLLC
P.O. Box 3326
Cherry Hill, NJ 08034
oluesq@aol.com

and

Aaron Wallace, Esquire
Wallace Law Firm
1501 main St., Suite 521
Columbia, SC 29201
awallace@wallacefirmsc.com
*Plaintiff Counsel*

*s/ Lisa A. Reynolds*

_____
Lisa A. Reynolds, Esquire
Reynolds & Stephens, LLC
1064 Gardner Road, Ste. 210
Charleston, SC  29407
*Counsel for Medical University of South Carolina*

11